

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# USA v. Gray

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Gray" (2006). *2006 Decisions.* Paper 1236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3416

———————

UNITED STATES OF AMERICA

v.

KEVIN L. GRAY,
also known as GOLDIE,

Kevin L. Gray,
        Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00109-2)
District Judge: Honorable Thomas M. Hardiman

———————

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,* District Judge

(Opinion filed : April 20, 2006)

———————

OPINION

———————

AMBRO, Circuit Judge

_____

*Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Kevin Gray appeals the sentence entered by the United States District Court for the Western District of Pennsylvania on July 7, 2005. Gray contends that the District Court erred in calculating his sentence under the Sentencing Guidelines. We disagree, and thus affirm.

## I.

Because we write for the parties, we only briefly recount the relevant facts. In September 2004, a federal grand jury returned a superseding indictment charging Gray and two co-conspirators with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. At trial, two cooperating witnesses (also participants in the conspiracy), Garry Smith and Thomas Gilliam, testified that they delivered or discussed delivering multiple kilograms of cocaine to Gray for distribution. The jury convicted Gray of the lesser included offense of conspiracy to distribute and possess with intent to distribute at least 500 grams, but less than 5 kilograms, of cocaine.

At sentencing, the District Court determined that, based on the testimony of Smith and Gilliam, there was sufficient evidence to conclude that the amount of cocaine attributable to Gray was between 3.5 and 5 kilograms, which resulted in a Guidelines offense level of 30 and (with Gray's criminal history category I) a sentencing range of 97-121 months in prison. Gray objected, arguing that the evidence at trial did not support such a finding; rather, Gray asserted that the District Court should adopt the lowest

2

amount attributable that the jury's verdict would support — between 500 grams and 2.5 kilograms — which would yield an offense level of 26 and a sentencing range of 63-78 months in prison. The District Court overruled this objection and, after considering Gray's circumstances and history, sentenced him to 97 months in prison and 5 years of supervised release. Gray appealed.[1]

## II.

In sentencing a defendant, a District Court must engage in a two-step inquiry. First, the Court must correctly calculate the defendant's recommended sentence under the Guidelines, applying a preponderance of the evidence standard to the determination of sentencing facts. United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). Next, the Court must decide whether the Guidelines sentence comports with the other factors set forth in 18 U.S.C. § 3553(a), and thus determine whether to follow the Guidelines recommendation. Id. We review the resulting sentence for reasonableness. See United States v. Booker, 543 U.S. 220, 261 (2005); Cooper, 437 F.3d at 326-27. In conducting this review, we accept the District Court's determination of sentencing facts unless it is clearly erroneous. United States v. Irvin, 369 F.3d 284, 286 n.2 (3d Cir. 2004); see United States v. Yeung, 241 F.3d 321, 322 (3d Cir. 2001) (noting that we "review for clear error the District Court's factual findings as to the quantity of drugs" attributable to

_____

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231, and we exercise jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

the defendant for sentencing purposes).

## III.

Our review of the testimony in this case leaves no doubt that the District Court's determination of drug quantity was not clearly erroneous. Although Gray was tried for his role in possessing and distributing cocaine from a particular supplier (Terrence Cole), and some of Smith's and Gilliam's testimony concerned cocaine from other suppliers, their testimony clearly establishes that Gray was involved in a conspiracy to possess and distribute at least 3.5 kilograms of cocaine. Gilliam testified, for example, about specific occasions when he sold Gray two kilograms of Cole's cocaine and Smith sold Gray about 1.25 kilograms. Smith related a specific conversation in which Gray tried to purchase 1.5 kilograms of cocaine, which certainly fell within the bounds of the conspiracy. In addition to these particular instances, Smith testified that Gray would attempt to get lower prices on cocaine "all the time," and Gilliam stated that he sold "one or two" kilograms of Cole's cocaine to Gray "[o]ver 50 times." A district court must often estimate the drug quantity attributable to a defendant based on the totality of the evidence. See United States v. Gibbs, 190 F.3d 188, 203 (3d Cir. 1999). In this case, we find no clear error in the Court's conclusion that at least 3.5 kilograms of cocaine was attributable to Gray.

Beyond the proper calculation of the Guidelines range, Gray raises no other challenges to the reasonableness of his sentence. As we noted in Cooper, "[a]ppellants . . . bear the burden of proving the unreasonableness of sentences on appeal," and since Gray does not seek to establish unreasonableness on any other ground, we need not

consider the matter further.  The sentence is affirmed.